UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————x

YAJAIRA PEREZ,

       PLAINTIFF,

    -AGAINST-

GLOBAL CREDIT AND COLLECTION, CORP,

       DEFENDANT.

—————————————————————————x

No. 14 Civ. 9413 (CM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/27/15

## MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

McMahon, J.:

Plaintiff, Yajaira Perez ("Perez" or "plaintiff"), brought this action against defendant, Global Credit and Collection, Corp. ("Global" or "defendant"), on November 25, 2014. Defendant now moves to dismiss the action on the grounds that the complaint fails to state a claim upon which relief can be granted.

For the reasons stated below, defendant's motion is granted; defendant's alleged violation of the Fair Debt Collection Practices Act ("FDCPA") was no violation at all. 15 U.S.C. §1692, *et seq.* Accordingly, plaintiff's complaint is dismissed with prejudice and with costs to defendant.

## BACKGROUND

Plaintiff filed her complaint, dated October 29, 2014, with this Court on November 25, 2014. Complaint, Docket #2. It alleges that defendant, a debt collector, violated §1692f(8) of the Fair Debt Collection Practices Act ("FDCPA") by mailing a letter to plaintiff, in connection with a debt, in a plain white envelope with a glassine window. Compl. ¶24-25. Absolutely noting was written on the envelope; not even a return address. However, plaintiff alleges that, in addition to her name and address, visible in the aperture created by the glassine envelope was an eight-digit number, which was imprinted above her name on the letter inside the envelope. *Id.* Exhibit A to the complaint is a copy of that letter. The eight digits are Plaintiff's account number.

Plaintiff alleges that, because her account number was made visible, defendant violated the FDCPA, which prohibits the inclusion of "any language or symbol other than the debt collector's address, on any envelope" that is sent to a consumer and in which debt-related communications are enclosed. 15 U.S.C. § 1692f(8); Compl. ¶27. The complaint asserts, in conclusory fashion, that (1) the account number is "a core piece of information pertaining to Plaintiff's status as a debtor," (2) its disclosure "implicates core privacy concerns," and (3) it "could be used to expose her financial predicament." Compl. ¶28. Plaintiff claims she was "damaged and is entitled to damages in accordance with the FDCPA." *Id.*

Defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) on April 2, 2015. Dkt. #9. In support of its motion, defendant argues that (1) the complaint fails to allege any facts in support of its claim that plaintiff suffered harm, and (2) §1692f(8) was not violated merely because plaintiff's account number could be seen through the glassine window on the envelope, because, absent "some sort of divination," the number is meaningless to all but the debt collector

and cannot be used to identify plaintiff as a debtor. Brief in Support of Defs' Mot. to Dismiss 4, Dkt. #10.

## DISCUSSION

### I.    Standard of Review

To survive a motion to dismiss, a complaint must state facts sufficient to allow a court to reasonably infer that the defendant is liable for the alleged misconduct. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Though Fed. R. Civ. P. 8(a)(2) requires only a "short and plain statement showing that the pleader is entitled to relief," and not "detailed factual allegations," a complaint that offers only "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Under the *Twombly/Iqbal* standard, the key question is whether the plaintiff's claim of entitlement to relief is plausible. *Ashcroft v. Iqbal*, 556 U.S.662, 679 (2009). Plausibility is a context-specific inquiry – it requires this Court to assess the adequacy of the facts alleged in the complaint by drawing from its common sense and judicial experience. *Id.* When deciding a motion to dismiss, courts are bound to assume the veracity of all factual allegations. *Iqbal*, 556 U.S. at 679. However, where a complaint states "a legal conclusion couched as a factual allegation," no assumption of truth is afforded. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). An assertion of fact, then, that is "merely consistent with a defendant's liability…stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quotations omitted). Thus, where a complaint consists entirely of conclusory allegations and factually unsupported claims for relief, such deficiencies may be fatal to the cause of action.

## II.     The FDCPA

### A.     Text of Statute

The specific language on which plaintiff relies, §1692f(8) of the Fair Debt Collection

Practices Act, prohibits debt collectors from:

> Using any language or symbol, other than the debt collector's address, on any
> envelope when communicating with a consumer by use of the mails or by
> telegram, except that a debt collector may use his business name if such name
> does not indicate that he is in the debt collection business.

15 U.S.C. § 1692f(8).

### B.     Purpose of Statute

As Congress made clear when it enacted the FDCPA, the statute was intended "to protect

consumers from a host of unfair, harassing, and deceptive debt collection practices without

imposing unnecessary restrictions on ethical debt collectors." S. Rep. No. 95-382, at 1 (1977),

*reprinted in* 1977 U.S.C.C.A.N. 1695, 1696. It was designed to prevent "suffering and anguish"

caused by unscrupulous debt collectors' "obscene or profane language, threats of violence,

telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, *disclosing*

*a consumer's personal affairs to friends, neighbors, or an employer*, obtaining information about

a consumer through false pretense, impersonating public officials and attorneys, and simulating

legal process." S. Rep. No. 95-382, at 2 (Emphasis added). The Senate Report that accompanied

passage of §1692f(8) states that it covers the use of "symbols on envelopes indicating that the

contents pertain to debt collection." S. Rep. No. 95-382, at 8, *reprinted in* 1977 U.S.C.C.A.N. at

1702.

The Federal Trade Commission's guidance document addressing §1692f(8) also focuses

on its goal of preventing language that is likely to expose the recipients as debtors. The FTC

4

commentary makes clear that, in the Commission's view, "A debt collector does not violate this section by using an envelope with words or notations that do not suggest the purpose of the communication." 53 Fed. Reg. 50097, 50108 (Dec. 13, 1988).

## C.    Application of Statute

The question presently before the Court is whether the visibility of eight meaningless digits through a glassine window violated the statute.

The answer is no.

The offending materials identified by Plaintiff are the eight digits, "20591933," seen below.



000812002401397309101045322214--Y172CF8A55 407
20591933 - 04001 - 407
Yajaira Perez
Address Redacted

Ex. A, Compl., Dkt. #2.

In light of the FDCPA's goal of protecting consumers from unfair collection practices, its unambiguous legislative history, and well-established administrative guidance on the application of §1692f(8), this Court finds that plaintiff's account number – a string of eight meaningless digits – falls comfortably within the "benign language" exception to §1692f(8). As a result, the fact that the number (like a subscription number on the cover of any subscription magazine) is visible through the glassine window of the envelope does not constitute a violation of the FDCPA.

5

Nothing that can be seen through the glassine window in the envelope indicates that the letter insider the envelope relates to a debt. The eight offending digits have no discernable meaning. Defendant's inclusion of the number was neither unconscionable, nor likely to oppress, harass or abuse plaintiff. The digits do not convey to plaintiff's neighbors, friends or employer the fact that she owes anyone any money. What is visible through this particular glassine window is the epitome of benign language.

Courts have, on occasion, used §1692f(8) to reach language or symbols that confuse, mislead or embarrass consumers. *See, e.g.*, *Peter v. GC Services L.P.*, 310 F.3d 344 (5th Cir. 2002); *Rutyna v. Collection Accounts Terminal, Inc.*, 478 F. Supp. 980 (N.D. Ill. 1979). However, nothing about the visibility of the eight digits could be confusing to plaintiff, and she does not so allege.

I agree with  Third Circuit that §1692f(8) of the FDCPA reaches both language printed *on* an envelope and language made visible *through* the glassine window of an envelope. *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014). However, to the extent that Douglass can be read as saying that even benign language that is visible through a glassine window violates the FDCPA, I respectfully disagree.

In *Douglass*, what could be seen through the glassine window of the envelope was not only the plaintiff's account number, "7630549," but also a unique, square-shaped barcode called a "Quick Response Code," or "QR" code. When scanned by any smartphone running the right program, the QR code displayed the amount owed by the recipient of the envelope.

The trial court in *Douglass* initially granted the defendant debt collector's motion for summary judgment. It held that, even though the amount of the debt ($802.04)  was displayed on the screen after the QR code had been scanned, it was sufficiently concealed from the public

because it was only visible as the end portion of a string of numbers and letters that appeared as "*194645515280*,  R241,802.04." *Douglass v. Convergent Outsourcing*, 963 F. Supp. 2d 440, 447-48 (2013), *vacated*, 765 F.3d 299 (3d Cir.). The district court specifically held that the account number, "7630549," could neither be used to show that the communication related to a debt, nor to "humiliate, threaten, or manipulate the debtor." *Id.* at 446. On the issue of the QR code, the district court explained that it was "not convinced that the amount due has been revealed," because "no reasonable fact finder could determine that the final five digits of this incomprehensible series represent a sum of money Plaintiff owes to a third party." *Id.* at 448, quoting  *Waldron v. Prof'l Med. Mgmt.*, No. 12-1863, 2013 WL 978933, at *5 (E.D.Pa. Mar. 13, 2013).

       The Third Circuit vacated the trial court's decision, however, finding that "the account number [was] not meaningless," and was instead "a piece of information capable of identifying Douglass as a debtor." *Douglass*, 765 F.3d 299 (3d. Cir. 2014). Although the case purports to have been decided solely on the basis of the debt collector's inclusion of plaintiff's account number – and not the QR code, which, when scanned, would reveal the amount owed by the owner of that account number – the Third Circuit's conclusion about the potential for harm in the account number itself (i.e., without the information contained in the QR code) was simply *ipse dixit*, unsupported by any analysis.

       Third Circuit cases are not binding on this court, and the Second Circuit has never ruled on the question raised by this motion. However, the case most closely analogous to this one in the Second Circuit is  *Johnson v. NCB Collection Services*, 799 F. Supp. 1298, 1301 (D. Conn. 1992), suggests a different result. In *Johnson*, an envelope containing (1) a debt collection letter and (2) a pre-addressed return envelope, was sent to plaintiff Johnson by the defendant, NCB, a

debt collector.  In the letter, NCB requested payment for the debt and suggested that Johnson enclose and send payment in the pre-addressed return envelope. Johnson's account number with the collection agency was not imprinted on the outside of the envelope that was sent to Johnson; it was, however, visible on the outside of the return envelope. The last four digits of that account number corresponded exactly to the amount owed by Johnson.

Arguing in opposition to NCB's motion to dismiss, Johnson contended that the "special encoded printing of his account number and debt amount on the [return] envelope," violated §1692f(8) because it was "easily decipherable." *Id.* at 1305. In its order granting NCB's motion to dismiss, the district court recognized that §1692f(8) was "necessary to protect the privacy of the debtors," but reasoned both that the statute had "no similar limitations on a communication that is sent from the debtor to the collector," and that it was "hardly apparent that any individual unenlightened in NCB's encoding process could have deciphered Johnson's debt from the printed series of numbers and letters." *Id.* at 1305-06.

In this case, as in *Johnson*, the plaintiff's eight digit account number with Global is meaningless to anyone other than someone at Global Credit. The number could be a bank account number, a subscription number, or any other sort of identification number. Even the fact that it is an account number says nothing about whether the plain white envelope contained a debt collection communication, as opposed to a renewal notice, a special offer to customers, or any of the other myriad junk mail communications that arrive in plain white envelopes with glassine windows on a daily basis in the mailboxes of America.

Plaintiff's reliance on *Voris v. Resurgent Capital Services*, 494 F. Supp. 2d 1156, 1167 (S.D. Cal. 2007), is entirely misplaced. In *Voris*, the language, "You are Pre-approved* See conditions inside," was imprinted on envelopes sent to each of the three named plaintiffs. *Voris*,

8

494 F.Supp. 2d at 1160-61. Inside each envelope was a debt collection letter that both notified the recipient of an unpaid debt and offered an "opportunity to open a pre-approved credit card account to which the past-due debt could be transferred." *Id.* at 1160. The complaint alleged that the defendant, Resurgent Capital Services, violated §1692f(8) because, "by giving the impression that the envelopes contained a credit card offer instead of a debt collection letter, Plaintiffs were less likely to regard the envelopes as anything but 'junk mail' and more likely to discard the envelopes without opening them." *Id.* at 1161. The complaint further alleged that, in violation of the FDCPA, the "Pre-approved" language was unfairly misleading and was likely to cause debtors to "inadvertently forfeit their rights to dispute the debt." *Id.* Defendant Resurgent moved for summary judgment on the grounds that it had not violated the FDCPA, and argued that "whether debtors will actually throw away the letters invites speculation." *Id.* at 1164. It conceded, however, that "a subset of debtors will actually mistake its letters for junk mail and, as a result, discard the correspondence." *Id.*

The *Voris* court concluded that the language on the envelope was potentially misleading (misleading about whether the enclosed letter was junk mail or was something meaningful, like a debt collection letter) and held that "whether the correspondence would induce the least sophisticated consumer to discard the letters" raised an issue of fact that was "more appropriately deferred to the jury." *Voris*, 494 F. Supp. 2d at 1163. In effect, the *Voris* court could not determine as a matter of law that the language printed on the envelopes was misleading or "fell within the safe harbor of benign language" because resolution of the issue turned on extrinsic evidence, so the deceptiveness of the language became a question for the jury. *Id.*

That is not the case before this court. There is no genuine issue of material fact to resolve because nothing about the eight numbers is misleading, even to the least sophisticated consumer.

9

No extrinsic evidence is required to establish that plaintiff's account number falls within the benign language exception to §1692f(8), because it is simply a string of digits that does not indicate that the enclosed communication relates to a debt. As a matter of law, there was no violation of the statute. The complaint fails to state a claim on which relief may be granted. It is dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's claim is dismissed with prejudice. Each party shall bear its own costs, pursuant to 15 U.S.C. § 1692k(a)(3). The Clerk of the Court is directed to remove Docket No. 9 from the Court's list of pending motions. This action, and all other claims relating to this action, by and among the parties, are hereby dismissed and withdrawn with prejudice.

Dated: July 27, 2015

_____
U.S.D.J.

BY ECF TO ALL COUNSEL